IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH ARDELL SMITH,

     Plaintiff,                  No. CIV S-07-1676 GEB JFM PS

    vs.

CITY OF SACRAMENTO, etc., et al.,

     Defendants.           ORDER

_____/

        Plaintiff is proceeding in this action pro se. Plaintiff seeks relief pursuant to and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

/////

1

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5   490 U.S. at 327.
6   A complaint, or portion thereof, should only be dismissed for failure to state a
7   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
8   of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
9   Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
10  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
11  complaint under this standard, the court must accept as true the allegations of the complaint in
12  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
13  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
14  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
15  The Civil Rights Act under which this action was filed provides as follows:
16  Every person who, under color of [state law] . . . subjects, or causes
    to be subjected, any citizen of the United States . . . to the
17  deprivation of any rights, privileges, or immunities secured by the
    Constitution . . . shall be liable to the party injured in an action at
18  law, suit in equity, or other proper proceeding for redress.
19  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
20  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
21  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
22  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
23  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
24  omits to perform an act which he is legally required to do that causes the deprivation of which
25  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
26  /////

1    Moreover, supervisory personnel are generally not liable under § 1983 for the
2 actions of their employees under a theory of <u>respondeat superior</u> and, therefore, when a named
3 defendant holds a supervisorial position, the causal link between him and the claimed
4 constitutional violation must be specifically alleged.  See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862
5 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert. denied</u>, 442 U.S.
6 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
7 in civil rights violations are not sufficient.  See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th
8 Cir. 1982).

9    The court finds the allegations in plaintiff's complaint so vague and conclusory
10 that it is unable to determine whether the current action is frivolous or fails to state a claim for
11 relief.  The court has determined that the complaint does not contain a short and plain statement
12 as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading
13 policy, a complaint must give fair notice and state the elements of the claim plainly and
14 succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff
15 must allege with at least some degree of particularity overt acts which defendants engaged in that
16 support plaintiff's claim.  <u>Id.</u>  Because plaintiff has failed to comply with the requirements of Fed.
17 R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file
18 an amended complaint.

19    If plaintiff chooses to amend the complaint, plaintiff must set forth the
20 jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil
21 Procedure 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted
22 in a deprivation of plaintiff's federal rights.  See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).

23    In addition, plaintiff is informed that the court cannot refer to a prior pleading in
24 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
25 amended complaint be complete in itself without reference to any prior pleading.  This is
26 because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v.</u>

1 | Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original
2 | pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an
3 | original complaint, each claim and the involvement of each defendant must be sufficiently
4 | alleged.
5 |             In accordance with the above, IT IS HEREBY ORDERED that:
6 |             1. Plaintiff's request to proceed in forma pauperis is granted;
7 |             2. Plaintiff's complaint is dismissed; and
8 |             3. Plaintiff is granted thirty days from the date of service of this order to file an
9 | amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,
10 | and the Local Rules of Practice; the amended complaint must bear the docket number assigned
11 | this case and must be labeled "Amended Complaint"; plaintiff must file an original and two
12 | copies of the amended complaint; failure to file an amended complaint in accordance with this
13 | order will result in a recommendation that this action be dismissed.
14 | DATED: August 20, 2007.

_[signature]_
UNITED STATES MAGISTRATE JUDGE

/001; smit1676.lta

4